IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LARRY M. HICKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 5:18-CV-99 (MTT) |
| | ) |
| ALLEN STAMPER, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

Defendants Allen Stamper, BestMark Express, Inc., and Milwaukee Casualty Insurance Company have moved to dismiss this case for lack of subject matter jurisdiction. Doc. 3. For the following reasons, the motion is **DENIED**.

On March 1, 2018, Plaintiff Larry M. Hicks brought a personal injury action against the Defendants, alleging Defendant Stamper negligently drove his tractor-trailer into the Plaintiff's vehicle, which was parked at a truck stop. *See generally* Doc. 1. The Plaintiff alleges that Defendant BestMark Express, as Stamper's employer, is both vicariously and directly liable for Stamper's actions and that Defendant Milwaukee, as insureds, has a contractual and statutory duty to indemnify Defendants Stamper and BestMark Express. *Id.* ¶¶ 21-31. The Plaintiff states that the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000. *Id.* ¶ 7. The Plaintiff claims he has incurred damages including, but not limited to, "medical bills, lost income, economic damages, and pain and suffering." *Id.* ¶ 34.

On May 18, 2018, the Defendants filed their answer and moved to dismiss for lack of diversity jurisdiction. Doc. 3. The Defendants do not dispute that the parties are

completely diverse in citizenship.  Rather, they argue the Plaintiff has failed to provide facts supporting the conclusory statement that the damages exceed $75,000.  *Id.* at 2.

District courts have subject matter jurisdiction based on diversity if the amount in controversy exceeds $75,000, and the case is between citizens of different states.  28 U.S.C. § 1332(a).  It is the responsibility of the pleader to "affirmatively allege facts demonstrating the existence of jurisdiction."  *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

In response to the Defendants' motion, the Plaintiff references a demand letter, which was sent to the Defendants on January 26, 2018.  Doc. 7 at 2.  The letter explains that, as a result of the accident, the Plaintiff has "suffered from cervicalgia and a full-thickness rotator cuff tear," which required surgery and physical therapy.  *Id.* at 7.  The letter also details the ongoing physical and mental pain and suffering since the accident, causing the Plaintiff to incur over $103,000 in medical bills to date and $300,000 in lost wages through the remainder of 2018.  *Id.* at 8-9.  Clearly, as the Plaintiff points out, the amount in controversy "far exceeds the $75,000 necessary to support diversity jurisdiction."  *Id.* at 3.  Accordingly, the Defendants' motion (Doc. 3) is **DENIED**.

**SO ORDERED**, this 17th day of July, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT